UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

| | | |
|---|---|---|
| GEORGE LANGUS et al., | ) | |
| | ) | |
| Plaintiffs, | ) | |
| | ) | 3:11-cv-00091-RCJ-VPC |
| vs. | ) | |
| | ) | |
| COUNTRYWIDE HOME LOANS, INC. et al., | ) | **ORDER** |
| | ) | |
| Defendants. | ) | |
| | ) | |

This is a standard foreclosure case involving one property. The Complaint is a MERS-conspiracy type complaint listing eleven causes of action. The case is not part of Case No. 2:09-md-02119-JAT in the District of Arizona but appears eligible for transfer. Pending before the Court is a motion to dismiss. For the reasons given herein, the Court grants the motion.

Plaintiffs George and Cheri Lynn Langus gave lender Countrywide Home Loans, Inc. ("Countrywide") a $204,750 promissory note to purchase real property at 11945 Chesapeake Dr., Reno, NV 89506 (the "Property"). (Deed of Trust ("DOT") 1–4, Apr. 6, 2006, ECF No. 11, at 9). Recontrust Co., N.A. ("Recontrust") was the trustee. (DOT 2). Plaintiffs had defaulted in an unspecified amount as of January 1, 2010. (Notice of Default ("NOD") 1, Apr. 29, 2010, ECF No. 11, at 29). Recontrust filed the NOD. (*Id.* 2).

The affirmative claims fail for reasons given in other substantively identical cases. No nuances appear in this case in that regard. The foreclosure in this case was proper, as the

1  original trustee filed the NOD.  Also, Defendants have included the process server's affidavit of
2  service of the NOD. (*See* Aff. of Service, May 18, 2010, ECF No. 11, at 32).  Defendants also
3  adduce a copy of a Loan Modification Agreement signed by Plaintiffs six months before default.
4  (*See* Loan Modification Agreement, July 20, 2009, ECF No. 11, at 27).  This indicates that
5  Plaintiffs defaulted on the loan as already modified.
6      Although the point would not assist Plaintiffs in the present case, at oral argument
7  counsel argued that section 247.200 required the recordation of any document affecting real
8  property.  The Court has in prior cases noted that in Nevada, as in most states, a person's priority
9  of interest in land might only be protected via recordation, but that an interest in land need not be
10 recorded to validate the interest. *See, e.g.*, *DaSilva v. Wells Fargo Bank, N.A.*, No. 3:10-cv-
11 00381-RCJ-VPC, 2011 WL 221718, at *3–4 (D. Nev. Jan. 19, 2011) (citing 11 David A.
12 Thomas, Thompson on Real Property § 92.02, at 93 (2d Thomas ed., The Michie Co. 1994)).
13 Section 247.200 reads, "A document affecting real property must be recorded in the office of the
14 county recorder of the county in which the real property is situated." Nev. Rev. Stat. § 247.200.
15 The purpose of this statute, however, is not to make recordation an absolute requirement, but to
16 provide that a document must be recorded in the proper county in order to put others on
17 constructive notice of the filing.  The statute governing whether any interest in real property
18 need be recorded in the first place is section 106.210, which reads, "Any assignment of a
19 mortgage of real property, or of a mortgage of personal property or crops recorded prior to
20 March 27, 1935, and any assignment of the beneficial interest under a deed of trust may be
21 recorded, and from the time any of the same are so filed for record shall operate as constructive
22 notice of the contents thereof to all persons." Nev. Rev. Stat. §106.210(1).
23 ///
24 ///
25 ///

**CONCLUSION**

IT IS HEREBY ORDERED that the Motion to Dismiss (ECF No. 10) is GRANTED.

IT IS SO ORDERED.

Dated this 25th day of April, 2011.

_____
ROBERT C. JONES
United States District Judge